1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT MASSIE,

11            Plaintiff,                    No.  2:12-cv-0525 KJN P

12        vs.

13   ARIK AMAYA, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, in this action

17   seeking relief pursuant to 42 U.S.C. § 1983.

18            On May 29, 2012, the court ordered the United States Marshal to serve process

19   upon the defendant in this case.  The Marshal was directed to attempt to secure a waiver of

20   service before attempting personal service on defendants.  If a waiver of service was not returned

21   within sixty days, the Marshal was directed to effect personal service on the defendants in

22   accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C.

23   § 566(c), without prepayment of costs, and to file the return of service with evidence of any

24   attempt to secure a waiver of service and with evidence of all costs subsequently incurred in

25   effecting personal service.

26   ////

1   On November 2, 2012, the United States Marshal filed a return of service with a

2   USM-285 form showing total charges of $255.72 for effecting personal service on defendant

3   Arik Amaya, and $255.72 for effecting personal service on defendant John Zufall.  The form

4   shows that a waiver of service form was mailed to these defendants on June 11, 2012, and that no

5   response was received.

6   Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as

7   follows:

8       An individual, corporation, or association that is subject to service
        under Rule 4(e), (f), or (h) has a duty to avoid unnecessary
9       expenses of serving the summons. . . .

10      If a defendant located within the United States fails, without good
        cause, to sign and return a waiver requested by a plaintiff located
11      within the United States, the court must impose on the defendant:
        (A)  the expenses later incurred in making service; and
12      (B)  the reasonable expenses, including attorney's fees, of any
        motion required to collect those service expenses.

13

14   Fed. R. Civ. P. 4(d)(1), (2)(A), (B).

15   The court finds that defendants Arik Amaya and John Zufall were given the

16   opportunity required by Rule 4(d) to waive service and has failed to comply with the request.

17   Accordingly, IT IS HEREBY ORDERED that:

18   1.  Within fourteen days from the date of this order defendants Arik Amaya and

19   John Zufall shall each pay to the United States Marshal the sum of $255.72, unless within that

20   time defendant files a written statement showing good cause for his failure to waive service.  The

21   court does not intend to extend this fourteen day period.

22   2.  The Clerk of the Court is directed to serve a copy of this order on the U.S.

23   Marshal.

24   DATED:  February 1, 2013

25                          KENDALL J. NEWMAN
                            UNITED STATES MAGISTRATE JUDGE

26   mass0525.taxcost

2