UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT MASSIE,

        Plaintiff,

  v.

ARIK AMAYA, et al.,

        Defendants.

No. 2:12-cv-0525 KJN P

ORDER

      Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff's motion for discovery, motion for appointment of counsel, and motion for extension of time to file pretrial motions are before the court. As set forth below, plaintiff's motions are denied.

Discovery Motion

      In his motion for discovery, plaintiff seeks an in camera review of defendants' personnel records for prior complaints of excessive force, assault, collusion, conspiracy, false testimony, habits and customs. Defendants object that plaintiff's motion is untimely, and that, in any event, contend there are no documents responsive to the request in possession or control of defendants. (ECF No. 28 at 2; 28-1 at 12.) Defendants contend that plaintiff's reference to the taser report is unavailing because the taser report was written by former defendant Walker, who is now deceased, and has no bearing on responding defendants' verified response to discovery that there

are no documents regarding prior excessive force complaints. (ECF No. 28 at 2.) In reply, plaintiff appears to contend that because defendants only recently provided plaintiff with copies of his medical records, that discovery is still being exchanged, and therefore defendants' contention that plaintiff's motion is untimely is unfounded. Plaintiff claims that the taser report is consistent with plaintiff's allegations in the amended complaint, and that the responding defendants' responses are inconsistent.

In this court's February 4, 2013 scheduling order, the parties were informed that discovery may be conducted until May 24, 2013, and that all motions necessary to compel discovery must be filed by that date. (ECF No. 22 at 6.) Under the mailbox rule, the instant motion was filed on July 30, 2013, long after the discovery deadline expired. Thus, plaintiff's discovery motion is untimely. However, even if plaintiff's motion was timely, it is without merit in the face of defendants' verified response that they have no such documents. To the extent plaintiff believes the taser report substantiates plaintiff's claims, and rebuts the responding defendants' claims, plaintiff may seek to introduce the taser report at trial for that purpose.

In light of the above, plaintiff's motion is denied.

<u>Motion for Appointment of Counsel</u>

In addition, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance

of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Motion for Extension of Pretrial Motions Deadline

Finally, plaintiff seeks an extension of the August 30, 2013 deadline for filing pretrial motions. Plaintiff states that he needs an additional thirty days because some security issues at the La Palma Prison make it difficult for plaintiff to attend the law library. However, plaintiff fails to identify the nature of the pretrial motion he seeks to file.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 130 S. Ct. at 1178 (citing Hudson, 503 U.S. at 7) (quotation marks omitted).

In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

In the instant action, plaintiff alleges defendants used excessive force in their efforts to remove plaintiff from his cell and transport him to court for his arraignment. At trial, the jury will be charged with, inter alia, determining whether defendants hit plaintiff too many times with their batons in their efforts to remove him from his cell, and whether defendants hit plaintiff after he was under control. These material disputes of fact preclude entry of summary judgment for

3

either party at this time.  However, in an abundance of caution, the court will deny plaintiff's motion without prejudice to its renewal twenty-one days from the date of this order.  Any renewed motion for extension shall be accompanied by the proposed pretrial motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for discovery (ECF No. 27) is denied;

2. Plaintiff's motion for the appointment of counsel (ECF No. 30) is denied without prejudice; and

3. Plaintiff's motion for extension of the pretrial motions deadline (ECF No. 29) is denied without prejudice to its renewal within twenty-one days from the date of this order, as set forth above.

Dated:  October 4, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mass0525.mtc+