UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MASSIE, | No. 2:12-cv-0525 KJN P |
| Plaintiff, | |
| v. | ORDER |
| ARIK AMAYA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Appended to plaintiff's pretrial statement was a document entitled "Federal Rules of Procedure Rule 36(a) Physical & Mental Examinations." (ECF No. 43 at 2.) Plaintiff recites the language of Rule 35(a), and claims that "the court has the same authority to order a party to produce for examination a person who is in his custody under its legal control." (ECF No. 43 at 2.) Plaintiff claims that some of the injuries sustained at the hands of defendants resulted in permanent injuries, and such injuries "need to be verified by a doctor." (Id.) Plaintiff appears to claim that any report from such examination would be submitted at trial to prove that defendants used excessive force with great bodily injury to violate plaintiff's Eighth Amendment rights. (Id.)

Rule 35(a) of the Federal Rules of Civil Procedure provides as follows:

////

////

1

(a) Order for an Examination.

(1) In General. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

(2) Motion and Notice; Contents of the Order. The order:

(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

(B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).

First, plaintiff's filing does not comport with Rule 35(a)(2). Plaintiff's filing is not filed as a motion, and does not specify the type of examination he requests, or the injuries he claims are permanent. In addition, plaintiff fails to identify the doctor from whom he seeks examination. Finally, plaintiff does not allege facts demonstrating good cause for either a physical or mental examination. Schlagenhauf v. Holder, 379 U.S. 104, 114-22 (1964).

Second, to prevail in the instant action, plaintiff must demonstrate that defendants used unreasonable force in violation of the Fourth Amendment. In order to substantiate his damages, plaintiff may submit as evidence authenticated medical records from his treating physicians. Moreover, as set forth in the accompanying pretrial order, plaintiff may call as witnesses any witness designated by defendants. In addition, plaintiff will be allowed to cross-examine any witnesses called by defendants. Thus, it does not appear that an independent medical or physical examination is required.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for examination (ECF No. 42 at 2) is denied.

Dated: September 18, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mass0525.r35

2